HUNT and wife, Respondents, vs. ROONEY: COLEMAN, Appellant.

*May 26 — June 21, 1890.*

*Mortgages: Accounting: Parties: Reversal of order refusing to make person a party: Vacating judgment.*

1. In an action by mortgagor against mortgagee for an accounting and to have the mortgage debt adjudged paid, a surety on the mortgage note who, to the knowledge of the mortgagor before the action was commenced, had been compelled to pay said note and had thereby become the owner of the mortgage debt, is a necessary party and is entitled to come in and defend without terms.

2. The reversal of an order denying to such surety the right to become a party except upon terms which he refused to comply with, operates to vacate a judgment in favor of the plaintiff.

APPEAL from the Circuit Court for *Crawford* County.

The appeal is by *Martin Coleman* from the judgment in the action granting to the plaintiff the relief demanded in the complaint, and also from the following order theretofore made:

" [Title.] The above-entitled action having been called for trial in its regular order upon the calendar at the November general term of said court for the year 1886, and

one *Martin Coleman*, a stranger to the record in this action, having appeared by Messrs. Webster & Miller, his attorneys, and applied to the court upon an affidavit filed to become a party defendant in this action and to defend the same in his own behalf, but applied at the same time for a continuance of the action for the purpose only of putting in an answer; and it appearing to the court by the admitted statement of counsel that said *Martin Coleman* was fully aware of the existence of this action long prior to this term of said court, and had ample opportunity to make and tender an answer herein and prepare for trial at this term of said court: Now it is hereby ordered that the said *Martin Coleman* may be made a party defendant in this action and be admitted to defend the same in his own behalf upon the following terms, namely: That the said *Martin Coleman* pay to the plaintiff's attorney *instanter* the sum of ten dollars terms, together with the witness fees of plaintiff's witnesses incurred at this term; and that upon such payment said action be continued for the term, and that said *Martin Coleman* have twenty days from this day in which to make and serve an answer in this action, but that in default of such payment the plaintiff may proceed at once with the trial of this action. Done in open court at the November general term of said court for the year 1886, and dated this 13th day of November A. D. 1886. By the court. Geo. Clementson, Judge."

Other facts will appear from the opinion.

For the appellant there was a brief by *Webster & Miller*, and oral argument by *D. Webster.*

For the respondents the cause was submitted on the brief of *Fuller & Ward.*

Cole, C. J. In April, 1880, the plaintiff *W. B. Hunt* borrowed from the defendant $300, payable in one year, with interest at ten per cent. He gave a promissory note for

the amount, which was signed by one *Martin Coleman* as surety.  To secure the payment of this note, *Hunt* and wife conveyed, by warranty deed, certain real estate, with the understanding that Rooney should execute a contract of the mortgaged premises to *Mrs. Hunt*, conditioned to reconvey the real estate to her upon payment of the money so borrowed.  It appears that Rooney never executed this · contract, but the evidence is entirely clear and satisfactory that the deed given was to secure the payment of an indebtedness, and must therefore be regarded as a mortgage. When the note became due *Hunt* had not the money to pay it, and it was arranged between the parties that the possession of the mortgaged premises should be delivered to Rooney through *Coleman*, his agent, and the rents received should be applied to the payment of the mortgage debt.  So the matter stood until the commencement of this action, in October, 1886, which is brought to compel an accounting of the rents and profits, and to have the deed in question declared a mortgage, and the indebtedness which it was given to secure adjudged fully paid and discharged. Rooney was the only party made defendant, for whom an appearance was entered by Mr. Evans, as his attorney.  A question was made on the argument as to whether the evidence showed that Evans was authorized to appear for Rooney and accept service of the summons and complaint in the action; but the court found, in effect, that he had such authority, and we shall assume that he had, without any inquiry as to the fact.

When the cause was called for trial, *Coleman* applied by his attorney to be made a party to the action and have leave to answer.  His application was based upon his affidavit that he signed the note as surety for *Hunt*, and that he had been compelled to pay it, and should be subrogated to the rights of the defendant Rooney in the note and mortgage, and that the plaintiff well knew all the facts in

the affidavit stated before the commencement of the action. The circuit court ordered that *Coleman* be made a party defendant, and be allowed to defend the action, on payment to the plaintiff's attorney of $10 *instanter*, together with the fees of plaintiff's witnesses incurred for the term. *Coleman* refused to comply with the terms, and was not made a party to the action. The cause went to a final judgment, and *Coleman* has appealed from such judgment and from the order denying him the right to defend except upon the terms prescribed.

In the first place, we will consider the order; and we are clear that *Coleman* should have been allowed to defend without terms. If the facts set forth in his affidavit are true,— and they are not denied,— he was the owner of the note and mortgage, and was the real party in interest. There could be no proper accounting as to rents and profits without his being before the court. As he was an absolutely necessary party, he was entitled to come in and defend without terms. The court should have ordered him to be made a party at once, if he had not applied, as it is plain there could not be a full determination of the controversy without his being before the court.

It is suggested that it was in the discretion of the court, under the circumstances, to prescribe the terms on which *Coleman* should be allowed to answer. We do not think the court had any discretion in the matter, as *Coleman* was not asking a favor of the court, but a right secured to him by law. As the owner of the mortgage debt, he was, as we have said, a necessary party defendant, and he had the right to defend the action like any mortgagee in a suit of this character. How was it possible to have an accounting of the rents and profits without the party in interest being before the court? As well might a mortgagee attempt to foreclose his mortgage without bringing in the mortgagor or the owner of the equity of redemption. Rooney was not only a proper, but perhaps was a necessary, party in

this action for an accounting; for it does not appear at what time *Coleman* paid the note and became subrogated to his rights in the mortgage debt. But it is very clear that *Coleman* was also a necessary party to the account.

The rule is elementary that all parties whose interests are to be affected or concluded by the decree should be made parties to a suit of this nature. Where the mortgagee has assigned his whole interest in the debt, he may not be a necessary party, but where he retains an interest in it he is a necessary party as well as the assignee. Story, Eq. Pl. § 191. Since it does not appear when he parted with his interest, nor what amount of rents, if any, he received while he held the mortgage debt, it was proper he should be before the court in taking the account. And it was equally essential and necessary that *Coleman*, the owner of the mortgage debt, should be before the court when the debt was adjudged satisfied and paid. No terms should have been imposed as a condition to his being made a party defendant. It seems a violation of the most obvious and familiar principles of law to state the account and discharge the debt in his absence from the record. We are at a loss to understand how any effect can be given the judgment rendered under such circumstances. *Coleman* should be brought in and have his rights in the subject matter of the controversy investigated and adjudged before the relief asked in the complaint is granted. It is suggested, as he is a stranger to the record, he could not appeal from the judgment. But he has appealed from both the order and judgment. We hold that the order denying him the right to become a party defendant, except upon the terms stated, was erroneous. This necessarily operates to vacate the judgment.

*By the Court.*— The order and judgment are therefore reversed and vacated, and the cause is remanded to the circuit court for further proceedings in accordance with this opinion.